USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                           :

PRODIGY FINANCE CM2021-1 DAC,          :
                                            :

                          Petitioner,   :           1:25-cv-5870-GHW
                                            :

              -v-                   :     MEMORANDUM OPINION &
                                            :                ORDER

MARIEM MOHSNI,                      :

                                           :

                    Respondent.   :

                                           :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Petitioner Prodigy Finance CM2021-1 DAC ("Prodigy") seeks to confirm a foreign

arbitration award obtained against Respondent Mariem Mohsni pursuant to 9 U.S.C. § 207.  For the

reasons that follow, Prodigy's petition to confirm the award is GRANTED.

## I.      BACKGROUND

### A.      Facts[1]

Prodigy is a company incorporated under the laws of Ireland with a registered address in

Ireland.  Dkt. No. 11 ("56.1 Stmt.") ¶ 1.  Ms. Mohsni is a Tunisian national who lives in New York.

*Id.* ¶ 2.

On February 9, 2019, Prodigy and Ms. Mohsni entered into a loan agreement (the

"Agreement").  *Id.* ¶ 4; *see also* Dkt. No. 4-2 ("Agreement").  Under the Agreement, Petitioner agreed

to loan Respondent $39,975.00.  56.1 Stmt. ¶ 4.  Respondent entered the Agreement to "finance the

fees for a[] [master's in business administration] course at Columbia Business School in New York."

Dkt. No. 4-1 ("Final Award") ¶ 4.  Petitioner sent the funds to Columbia Business School.  56.1

Stmt. ¶ 3.

---

[1] The facts are taken from Petitioner's Local Rule 56.1 statement and materials submitted alongside its petition.  Because Respondent did not appear, all facts are taken as undisputed.

Under the terms of the Agreement, Prodigy could unilaterally vary the terms of the agreement for "objectively justified business reasons." *Id.* ¶ 6. The Agreement obligated Prodigy to provide Respondent with "advance notice of any such change in writing . . . ." *Id.*

On May 25, 2021, Petitioner notified Respondent of variations to the Agreement. *Id.* ¶ 9. Prodigy provided Ms. Mohsni with a hyperlink with which she could access a copy of the varied loan conditions (the "Varied Terms"). *Id.* Under the Varied Terms, the Agreement was to be governed by English law. *Id.* Clause 10.4 of the Varied Terms specified that any dispute concerning an amount in controversy greater than £5,000 "shall be referred to the Chartered Institute of Arbitrators ("CIArb") to be determined by final and binding arbitration." Dkt. No. 4-6. The seat of arbitration was to be London, England. *Id.*

In June 2023, Ms. Mohsni defaulted by failing to pay the monthly loan repayment amount. 56.1 Stmt. ¶ 12. On June 14, 2023, Prodigy issued a notice of sums in arrears. *Id.* On December 19, 2023, Ms. Mohsni had not cured the arrears on her account. *Id.* ¶ 13. Prodigy sent a second notice of sums in arrears. *Id.* On December 14, 2023, Prodigy also sent a notice of default, which provided the outstanding amounts and indicated that Prodigy would invoke the arbitration provision as provided for in the Varied Terms. *Id.* ¶ 14. On January 12, 2024, Prodigy sent Ms. Mohsni a termination notice (the "Final Notice") after her continued failure to cure the arrears. *Id.* ¶ 15; *see also* Dkt. No. 4-10 ("Final Notice"). The Final Notice stated that the Agreement had been terminated and the outstanding balance on the loan—totaling $40,077.39—had become due. *Id.*

On May 7, 2024, Prodigy applied to CIArb for the appointment of an arbitrator. Final Award ¶ 17. Prodigy sent copies of its appointment form to Respondent via email and "to her address in New York, as provided by her when she entered into the Loan Agreement." *Id.* ¶ 101.

On May 21, 2024, Arbitrator James Clanchy (the "Arbitrator") of CIArb was appointed to arbitrate the dispute. *Id.* ¶ 21. The Arbitrator was a member of the London Branch of CIArb. *Id.*

2

Ms. Mohsni file any statement of defense or otherwise participate in the arbitration. *Id.* ¶¶ 80, 94. The Arbitrator concluded that he had jurisdiction over the dispute and that Respondent had been given "a proper opportunity to deliver a defen[s]e." *Id.* ¶ 104.

On August 27, 2024, the Arbitrator entered a final award in favor of Petitioner. *See* Final Award. The Arbitrator awarded Petitioner "a principal amount of $40,077.39, plus simple interest at a rate of 11.34% per annum beginning January 12, 2024, and until the date of final payment." 56.1 Stmt. ¶ 17. The Arbitrator also ordered Respondent to pay for the arbitration proceedings. Final Award at 20 ("The Respondent shall pay to the Claimant the fixed fee under the . . . Rules, being an amount of £2,500.00 and [Prodigy]'s costs of £26.00."). The Arbitrator set a simple interest rate of 7% on the cost amount, to run from the date of the Final Award. *Id.*

### B.    Procedural History

On July 17, 2025, Prodigy filed this petition to confirm the Final Award. Dkt. No. 1. On July 21, 2025, the Court set a briefing schedule for the petition to confirm. Dkt. No. 5.

In compliance with that schedule, Prodigy filed materials in support of its petition on August 4, 2025. *See* Dkt. Nos. 9–11. In its memorandum of law, Petitioner argued that the Court had subject matter jurisdiction over the dispute because it fell under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). Dkt. No. 9 ("Mot.") at 2–3. Petitioner argued that venue was proper because Respondent resided in this district. *Id.* at 3. Finally, Petitioner argued that confirmation of the award was appropriate because "Petitioner believes that 'none of the seven defenses under the New York Convention applies.'" *Id.* at 4. Respondent did not file an opposition and has not appeared in this action.

On August 18, 2025, Petitioner requested leave to serve Respondent via email and certified mail. Dkt. No. 12. Petitioner argued that they had "exercised reasonably diligent efforts to serve Respondent" and had "demonstrated an inability to effectuate service through traditional means."

3

*Id.* at 3 (citations and brackets omitted).  In support of their request, Petitioner filed a copy of email correspondence from Respondent in which she used the email address with which Petitioner sought to serve Respondent.  Dkt. No. 12-1.  Petitioner also filed two affidavits from process servers demonstrating several unsuccessful attempts to serve Respondent at two addresses in New York City.  Dkt. Nos. 12-12, 12-3.  The Court granted the request for alternative service.  Dkt. No. 16.  On August 21, 2025, Petitioner filed an affidavit of service representing that they had served Respondent via email and certified mail.  Dkt. No. 17.

On January 6, 2026, the Court requested that Petitioner file an update on the status of this action.  Dkt. No. 18.  On January 12, 2026, Petitioner stated that Respondent had been mailed the documents in support of the petition and that Respondent had not responded "either by filing on the Court's docket or communicating with counsel for Prodigy."  Dkt. No. 20.  Accordingly, the Court will resolve the petition as unopposed.

## II.    DISCUSSION

### A.    Jurisdiction and Venue

The Court has subject matter jurisdiction over the dispute.  "Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*, implements the United States' obligations under the New York Convention."  *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 71 (2d Cir. 2017).  "Section 203 provides that original jurisdiction for '[a]n action or proceeding falling under the [New York] Convention' lies in the United States federal district courts."  *Id.* (citing 9 U.S.C. § 203).  "Under Section 202, actions or proceedings that 'fall[ ] under the [New York] Convention' include 'arbitration agreement[s] or arbitral award[s] arising out of a legal relationship, whether contractual or not, which is considered as commercial' between any parties, *unless* both parties are citizens of the United States *and* 'that relationship involves [neither] property located abroad, [nor] envisages performance or enforcement abroad, [n]or has some other reasonable relation with one or

more foreign states.'" *Id.* (citing 9 U.S.C. § 202) (emphasis in original).  This case is a dispute regarding an arbitral award, which was awarded pursuant to an arbitration agreement between an Irish company and a Tunisian national—neither of whom are United States citizens.  Therefore, this action falls under the New York Convention, and the Court has subject matter jurisdiction over the petition to confirm.

Venue is proper in this District.  "An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which . . . an action or proceeding with respect to the controversy between the parties could be brought."  9 U.S.C. § 204.  "The Supreme Court has clarified that the venue provisions in the FAA 'together provide for liberal choice of venue for actions to confirm awards.'"  *Beijing CRS Metallurgical Mach. Co., Ltd v. Orient Com. Joint Stock Bank,* No. 25-CV-5617, 2026 WL 42779, at *5 (S.D.N.Y. Jan. 7, 2026) (quoting *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202–03 (2000)).  And "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  Here, Ms. Mohsni is the only Respondent.  Ms. Mohsni resides in this District.  *See, e.g.*, Final Award ¶ 101 ("When the Claimant instituted arbitration proceedings . . . , it sent copies by email to the Respondent and hard copies by courier (DHL) to her address in New York [City] . . . .").  Thus, venue is proper in this District.[2]

---

[2] Venue is also proper because "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  Ms. Mohsni entered the loan agreement while she lived in New York to pay for a graduate program based in New York City.  And her last known address at the time of the commencement of the arbitration proceedings was in New York.

For similar reasons, the Court has personal jurisdiction over Respondent.  *See* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1064 (4th Ed. 2020) (describing the defendant's residence in the forum state as one of oldest bases of personal jurisdiction).  Prodigy has also properly served Respondent.  *See* Dkt. Nos. 16, 17.

## B.        Confirmation of the Arbitration Award

The Court must confirm the Final Award.  "[T]o avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation, arbitral awards are subject to very limited review." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016) (internal quotation marks omitted) (alteration in original) (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)).  "Under the [New York Convention], which governs this dispute, a court must confirm an arbitral award 'unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.'" *Id.* (quoting 9 U.S.C. § 207).  "The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies." *Olin Holdings Ltd. v. Libya*, 73 F.4th 92, 108 (2d Cir. 2023) (quoting *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005)).[3]  "The burden is a heavy one, as 'the showing required to avoid summary confirmation is high.'" *Id.* (quoting *Encyclopaedia Universalis*, 403 F.3d at 90).

---

[3] "Under Article V of the Convention, the grounds for refusing to recognize or enforce an arbitral award are:

> (a) The parties to the agreement . . . were . . . under some incapacity, or the said agreement is not valid under the law . . .; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings . . . ; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration . . . ; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties . . . ; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

Enforcement may also be refused if the subject matter of the difference is not capable of settlement by arbitration, or if recognition or enforcement of the award would be contrary to the public policy of the country in which enforcement or recognition is sought. *These seven grounds are the only grounds explicitly provided under the Convention.*" *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997) (internal quotations, citations, and brackets omitted) (emphasis added).

Summary confirmation of the award is appropriate here. Ms. Mohsni did not oppose the petition. She therefore cannot meet the heavy burden to avoid a summary confirmation under any of the seven defenses provided under the New York Convention. *Id.* Accordingly, the Court must grant the petition to confirm the Final Award.

## III.  CONCLUSION

For the reasons stated above, Prodigy's petition to confirm a foreign arbitral award is GRANTED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment in favor of Petitioner in the amount of $40,077.39 and simple interest at a rate of 11.34% per year from January 12, 2024 to the date of payment, plus $3,381.84 and simple interest at a rate of 7% per year from August 27, 2024, and to close this case.

SO ORDERED.

Dated:  March 31, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

7